UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| AMERICAN FIRST FEDERAL, INC., | : | |
| --- | --- | --- |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Case No. 1:16-cv-329-jgm |
| | : | |
| JAMES T. THEODORE, | : | |
| | : | |
| Appellee. | : | |
| | : | |

OPINION AND ORDER
(Doc. 1)

I. Introduction

Appellant American First Federal, Inc. ("American First") appeals the Bankruptcy Court's December 22, 2016 final order granting James T. Theodore's (Debtor or "Theodore") motion for entry of discharge. The Bankruptcy Court overruled American First's objection; American First appeals under 28 U.S.C. § 158(a), which grants this Court jurisdiction to hear appeals from the Bankruptcy Court. For the following reasons, the Bankruptcy Court's decision is affirmed.

II. Background[1]

Appellee James T. Theodore filed for bankruptcy under Chapter 11 of the Bankruptcy Code in February 2010. At the time, Theodore had not made payments on six mortgage notes held by Fannie Mae for the preceding six months. Two weeks prior to his bankruptcy filing, Fannie Mae had served Theodore with a notice of non-judicial foreclosure sale. Beginning in November 2010, after Debtor filed his initial disclosure statement and plan and Fannie Mae objected, the parties

---

[1] The facts are gleaned primarily from the Bankruptcy Court's Memorandum of Decision (Doc. 1 at 4-10). The entire Record is available at Docket Entry 2. Unless otherwise noted, the relevant facts were stipulated by the parties or found without challenge by the bankruptcy court.

entered into negotiations. In October 2011, the Bankruptcy Court confirmed Debtor's plan with the consent of Fannie Mae.

In early 2016, Debtor moved to modify the plan, Fannie Mae objected, and the Bankruptcy Court denied the motion. In March 2016, Fannie Mae transferred its interest in the mortgage notes and security documents to American First Federal. In July 2016, Debtor and American First entered into a loan modification agreement with respect to all six notes and agreed to modify the 2011 confirmed plan. Debtor filed a motion to modify the plan and confirmation order and a proposed modified plan, to which American First consented. The Bankruptcy Court granted the motion modifying the confirmation order in August. The Order incorporated the new loan modification terms and specified "all other terms of the confirmed plan not specifically modified" remained in effect. Both confirmed plans stated reaffirmation agreements shall only be enforceable if entered into in accordance with 11 U.S.C. § 524. See Doc. 2-2 ¶ 11.4; Doc. 2-31 ¶ 11.4.

In November 2016, Debtor filed a motion for entry of discharge and final decree to which American First objected. On December 9, the Bankruptcy Court held a hearing on the motion and objection at which only Debtor's attorney and the United States Trustee's representative appeared; no representative of American First was in attendance. The Debtor requested the Bankruptcy Court overrule the objection. American First had asserted the discharge order should state "any discharge granted does not affect Mr. Theodore's liability under the obligations currently held by [American First]" based upon the post-petition, post-confirmation agreement. (Doc. 2-39 at 2.)

The Debtor opposed this inclusion, contending his personal liability to American First should be discharged under 11 U.S.C. § 1141, because the parties did not enter a reaffirmation agreement under § 524. The Court took the motion under advisement and requested additional briefing, to be filed by December 14, 2016, because the issue had not been briefed by the parties and

American First had no representative to respond. American First filed a supplemental memorandum of law in support of its objection on December 14, and then two days later, after the filing deadline, filed an "addendum" which included a new objection contending the Debtor had not complied with § 1141(d)(5)(b). Debtor timely responded requesting the court strike the addendum as it was untimely and raised arguments beyond the scope of the objection.

On December 22, 2016, the Bankruptcy Court issued a Memorandum of Decision deciding whether Debtor was entitled to the discharge of his personal liability or if he had reaffirmed his personal liability through the post-petition, post-confirmation agreement with American First. The court determined that, because the parties did not comply with § 524, American First was precluded from treating the debt as having been reaffirmed and from enforcing the debts against Debtor personally. The court overruled American First's objection, granted the Debtor's motion for entry of discharge, and struck the addendum as untimely and beyond the scope of the court's scheduling order. (Doc. 1 at 9-10.) On December 30, Theodore's Order of Discharge was entered on the docket. (Doc. 2-48.) American First timely appealed on December 30, 2016. (Doc. 1.)

III. Discussion

A bankruptcy court's "[f]indings of fact are reviewed for clear error, and conclusions of law are reviewed de novo." Solow v. Kalikow (In re Kalikow), 602 F.3d 82, 91 (2d Cir. 2010). Here, the facts are undisputed.

On appeal, American First argues the Bankruptcy Court erred: (1) in granting a discharge of pre-petition claims though the claims are payable in part under a confirmed plan; (2) in granting Debtor a personal discharge before the plan payments were complete; (3) in not following Supreme Court precedent of United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010), and refusing to consider American First's statutory arguments under 11 U.S.C. § 1141(d)(5)(b); (4) in failing to

3

sua sponte consider the requirements of 11 U.S.C. § 1141(d)(5)(A)-(B); (5) in granting a discharge when Debtor did not present proof he was entitled to a discharge under 11 U.S.C. § 1141; and (6) in granting a discharge without finding Debtor had completed all payments under his plan. (Doc. 3.) Debtor filed a brief opposing American First's arguments. (Doc. 5.) American First filed a reply brief (Doc. 6) and Debtor a sur-reply (Doc. 7).

American First first alleges the Bankruptcy Court erred by granting a full discharge with respect to its pre-petition claims even though those claims are payable in part under a confirmed plan. (Doc. 3 at 2.) A "secured creditor with a loan secured by a lien on the assets of a debtor who becomes bankrupt before the loan is repaid may . . . look to the lien for satisfaction of the debt. . . . However, this default rule only applies so long as the lien is not invalidated by some provision of the Code." In re S. White Transp., 725 F.3d 494, 496 (5th Cir. 2013) (internal quotation marks and citations omitted). 11 U.S.C. § 1141(c) provides "except as otherwise provided in the plan . . . the property dealt with by the plan is free and clear of all claims and interests of creditors [and] equity security holders." Here, the plan allows the secured claims as to each of Theodore's properties with obligations held by American First. (Doc. 2-31 at 12-22.) The Bankruptcy Court's Memorandum of Decision made clear the discharge was as to his personal liability on the notes (Doc. 2-45 at 3), and the Order of Discharge explained the discharge "removes the debtors' personal liability for debts provided for the by the chapter 11 plan" (Doc. 2-48 at 1). Accordingly, American First's first allegation of error fails.

American First's remaining allegations of error all center on whether and to what extent the Bankruptcy Court considered 11 U.S.C. § 1141 and if it erred in its application. (Doc. 3 at 2-3.) It argues the Bankruptcy Court erred by granting a discharge to Theodore before plan payments were complete and by failing to apply § 1141 regardless of whether it was raised in the objection.

4

Theodore argues American First waived these arguments by failing to raise them in its objection but nonetheless that he was entitled to a discharge. (Doc. 5 at 17-19.) Assuming without deciding the arguments are not waived, the Court rejects them because the Bankruptcy Court considered § 1141(d). See Doc. 2-45 at 4-5.

The crux of the matter is that American First contends the debts Theodore owes it are insulated from discharge of Theodore's personal liability by the July 2016 loan modifications. The Bankruptcy Court correctly determined the loan modifications were required to comply with 11 U.S.C. § 524 if they were to affect Theodore's right to discharge. The First Amended Joint Plan (Doc. 2-2) was modified (Doc. 2-31) and approved by the court in August 2016 (Doc. 33). American First's argument that no reaffirmation agreement was required flies in the face of § 524. (Doc. 3 at 11-16.) Section 524 applies to an agreement between a claim holder and debtor regarding a dischargeable debt and specifically applies to cases subject to § 1141. See 11 U.S.C. § 524(c). Here, Theodore's debts to American First derive from Fannie Mae and predate the petition. Accordingly, § 524 applies if an agreement regarding those debts is to affect Theodore's right to a discharge. To hold otherwise would jeopardize "one of the primary purposes of the Bankruptcy Code–that the debtor have the opportunity to make a financial fresh start." Green v. Welsh, 956 F.2d 30, 33 (2d Cir. 1992) (internal quotation marks and citation omitted).

The Bankruptcy Court correctly determined the loan modifications did not comply with the strict requirements of § 524(c). There is no indication Theodore received the required disclosures or that the court approved a reaffirmation agreement. Accordingly, the pre-petition liabilities were not reaffirmed such that Theodore is precluded from receiving a discharge of his _personal_ liability on these debts. As noted above, American First is not precluded from enforcing its surviving liens against the properties should Theodore fail to remain current on his obligations.

Finally, the Bankruptcy Court determined Theodore was entitled to a discharge of his personal liability under § 1141. The court held a hearing after notice which American First received. American First filed an objection specifically regarding the debts owed it. American First failed to appear at the hearing. Nonetheless, the court allowed American First an additional opportunity to support its objection in further briefing. Following this briefing, the court issued a Memorandum of Decision that determined Theodore was entitled to a discharge of his personal liability under § 1141. (Doc. 2-45 at 7.) Therefore, American First's arguments that the Bankruptcy Court failed to consider Theodore's entitlement to discharge under § 1141 are rejected. Accordingly, the Bankruptcy Court's decision is affirmed.

IV. Conclusion

Based on the foregoing, the Order of the Bankruptcy Court granting Theodore's motion for entry of discharge and overruling American First's objection is AFFIRMED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 30th day of August, 2017.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge