U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 JAN 26 PM 5: 21

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

AMERICAN FIRST FEDERAL, INC., )
)
Appellant, )
)
v. ) Case No. 2:16-cv-329
)
JAMES T. THEODORE, individually )
and d/b/a JTT PROPERTIES, )
)
Appellee. )

**OPINION AND ORDER VACATING THE COURT'S AUGUST 30, 2017 ORDER AND THE BANKRUPTCY COURT'S DECEMBER 22, 2016 ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF DISCHARGE**
(Doc. 10)

Appellant American First Federal, Inc. ("Appellant") seeks reconsideration of this court's August 30, 2017 Order affirming the United States Bankruptcy Court for the District of Vermont's Order of Discharge for Debtor and Appellee James T. Theodore ("Debtor"). On September 13, 2017, Appellant filed a motion for rehearing pursuant to Fed. R. Bankr. P. 8022(a)(2), arguing that the district court overlooked (1) the legal principle that a debtor's bankruptcy plan remains binding on a debtor following discharge without a reaffirmation agreement; and (2) the lack of findings of fact required by 11 U.S.C. § 1141(d)(5) to support the Bankruptcy Court's decision to grant Debtor's discharge. The court granted Appellant's motion for a rehearing on October 10, 2017 and heard oral argument on November 17, 2017. Debtor opposes rehearing and any reconsideration of this court's decision.

**I.    Factual Background.**

On February 25, 2010, Debtor, individually and d/b/a JTT Properties, filed for bankruptcy protection pursuant to chapter 11 of the Bankruptcy Code. Debtor's bankruptcy estate included twelve multi-family properties. For approximately six months preceding Debtor's bankruptcy filing, Debtor failed to make payments on six mortgage

notes secured by the properties and held by the Federal National Mortgage Association ("Fannie Mae"). Approximately two weeks prior to Debtor's bankruptcy filing, Fannie Mae served Debtor with a notice of non-judicial foreclosure sale.

On November 23, 2010, Debtor filed his initial disclosure statement and plan with the Bankruptcy Court to which Fannie Mae objected. Thereafter, the parties negotiated regarding the extent to which Debtor's pre-petition liabilities under the mortgage notes would be payable under his chapter 11 plan. On October 27, 2011, the Bankruptcy Court confirmed the Debtor's chapter 11 plan ("2011 Plan") with the consent of Fannie Mae. The 2011 Plan incorporated the terms of modification agreements between Debtor and Fannie Mae, including the re-amortization of the mortgage notes secured by the properties. The 2011 Plan required Debtor to make fixed monthly payments of principal and interest to Fannie Mae with a balloon payment on December 31, 2015.

On December 16, 2015, Debtor moved to modify the 2011 Plan. Fannie Mae objected, and the Bankruptcy Court denied the motion on January 28, 2016. Shortly thereafter, in March 2016, Fannie Mae transferred its interest in the modified mortgage notes, secured by the properties, to Appellant. Four months later, in July 2016, following maturity of the debts under the 2011 Plan, Appellant and Debtor entered into additional loan modification agreements regarding all six mortgage notes, extending the maturity date and setting forth new loan balances and payment schedules. On July 22, 2016, Debtor moved to modify the 2011 Plan to incorporate the terms of the most recent loan modification agreements ("2016 Modified Plan"). Paragraph 5.6.2 is representative of the modification of each note held by Appellant covered by the 2016 Modified Plan:

> Commencing on August 1, 2016, . . . and continuing on same day of each successive month thereafter until June 30, 2021, [Debtor] shall make monthly equal blended installment payments of principal plus interest, based upon a twenty five (25) year amortization schedule with interest fixed at 5.25% per annum, on a mortgage amount of $186,689.08. The monthly payments shall be $1,118.73. A balloon payment or refinancing will occur by June 30, 2021, unless extended by agreement of the parties.

(Doc. 2-31 at ¶ 5.6.2); *see also id.* at ¶ 5.7.2, ¶ 5.8.2, ¶ 5.9.2, ¶ 5.10.2, ¶ 5.11.2.

2

Debtor submitted the 2016 Modified Plan for the Bankruptcy Court's approval. The Bankruptcy Court granted the motion to modify its Confirmation Order on August 10, 2016 and thereby confirmed the 2016 Modified Plan. Both the 2011 Plan and the 2016 Modified Plan stated that reaffirmation agreements would only be enforceable if entered in accordance with 11 U.S.C. § 524. *See* Doc. 2-2 at 34, ¶ 11-4; Doc. 2-31 at 33, ¶ 11-4.[1]

Debtor is current on his payments under the 2016 Modified Plan and has filed all required monthly operating reports. In the absence of motions from the Office of the United States Trustee indicating otherwise, the Bankruptcy Court assumed that Debtor complied with all requirements imposed by the United States Trustee, including the requirement to pay quarterly fees.

## II. Procedural Background.

### A. The Bankruptcy Court's December 22, 2016 Order Granting Debtor's Motion for Entry of Discharge.

On November 8, 2016, Debtor filed a motion for entry of discharge and final decree, stating that he had completed "[a]ll payments" and "complied with the terms of the [2016 Modified] Plan." (Doc. 2-35 at 1, ¶ 1.) Debtor concedes this statement should be interpreted to mean that he was current with his payments under the 2016 Modified Plan, not that he had actually made all of the payments due thereunder.[2] Appellant

---

[1] The applicable provision in both the 2011 Plan and the 2016 Modified Plan states as follows:

> 11.4 *Reaffirmation Agreement*. The Debtors have entered into or may enter into reaffirmation agreements which shall be enforceable to the extent enforceable under applicable non bankruptcy law, only if the reaffirmation agreement was entered into in accordance with the provisions of section 524 of the Bankruptcy Code including, without limitation, that the agreement has been filed with the Court, the Debtors have not rescinded the agreement, and the Court has not disapproved the agreement, after notice and a hearing, provided such hearing is concluded before the entry of the Debtors' discharge.

(Doc. 2-2 at 34, ¶ 11-4); (Doc. 2-31 at 33, ¶ 11-4).

[2] A comparison of the total amounts paid in Debtor's Final Report (Doc. 2-34) to the amounts payable under the 2016 Modified Plan reveals that Debtor had not completed un-matured payments under the Plan. For example, Debtor's Final Report shows that Debtor had paid $101,200.24, but owed $186,689.08 to Class Six.

3

objected on December 1, 2016, requesting that the Order "expressly state that the discharge would not apply to [Appellant's] modified debts." (Doc. 3 at 12.) On December 9, 2016, the Bankruptcy Court held a hearing on the motion at which Appellant failed to appear. At the hearing, Debtor challenged Appellant's objection on the grounds that his personal liability to Appellant under the modified debts should be discharged pursuant to 11 U.S.C. § 1141 because the parties did not enter into a reaffirmation agreement under 11 U.S.C. § 524. As this argument had not been briefed by the parties and Appellant was not present, the Bankruptcy Court issued a Scheduling Order for additional briefing on this issue. After filing its supplemental memorandum of law on December 14, 2016, Appellant submitted an addendum on December 16, 2016, two days after the filing deadline had passed, asserting that Debtor had not complied with § 1141(d)(5)(B) and therefore was not eligible for chapter 11 discharge as an individual. Debtor moved the Bankruptcy Court to strike the addendum because it was untimely and raised arguments beyond the scope of Appellant's original objection.

On December 22, 2016, the Bankruptcy Court issued its Memorandum of Decision finding that, because the parties did not comply with § 524 in modifying the loan agreements, Appellant was precluded from enforcing the debts included in the 2016 Modified Plan against Debtor personally. Overruling Appellant's objection and striking its addendum as untimely, the Bankruptcy Court entered an Order of Discharge on December 30, 2016. Appellant filed a notice of appeal that same day.

### B. The District Court's August 30, 2017 Order Affirming the Bankruptcy Court.

In its appeal before this court, Appellant argued that the Bankruptcy Court erred (1) in granting a discharge of Debtor's "pre-petition claims even though those claims are payable in part under a confirmed plan"; (2) in granting Debtor's personal discharge "before the plan payments were complete"; (3) in not following *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) and "refusing to consider [Appellant's] statutory arguments under 11 [U.S.C.] § 1141(d)(5)(B)"; (4) in failing to evaluate whether Debtor met the requirements of a discharge under 11 U.S.C. § 1141(d)(5)(A)-

4

(B); (5) in granting a discharge when Debtor "did not present proof that he was entitled to a discharge under 11 [U.S.C.] § 1141"; and (6) in granting a discharge without finding that Debtor "had completed all payments under his plan." (Doc. 3 at 6-7.)

On August 30, 2017, this court (Murtha, J., presiding) affirmed the Bankruptcy Court's decision. The court found that the Bankruptcy Court "made clear the discharge was as to [Debtor's] personal liability on the [mortgage] notes[,]" removing Debtor's personal liability for debts provided by the chapter 11 plan. (Doc. 8 at 4.) The court distilled Appellant's remaining allegations of error as involving "whether and to what extent the Bankruptcy Court considered 11 U.S.C. § 1141 and if it erred in its application[] . . . by granting a discharge to [Debtor] before plan payments were complete[.]" *Id.* Concluding that the Bankruptcy Court properly found that the loan modifications between Debtor and Appellant must comply with § 524 in order to be enforceable, in the absence of compliance, this court determined that Debtor was properly granted a discharge as to his personal liability on those debts. The court found that the Bankruptcy Court did not fail to consider whether Debtor was entitled to a discharge of his personal liability under § 1141 because the Bankruptcy Court held a hearing on the issue and allowed post-hearing briefing on the issue.

## III. Conclusions of Law and Analysis.

### A. Standard of Review.

When a district court acts as an appellate court in a bankruptcy case, Federal Rule of Bankruptcy Procedure 8022(a)(2) is the "sole mechanism for filing a motion for rehearing." *In re Soundview Elite Ltd.*, 2015 WL 1642986, at *1 (S.D.N.Y. Apr. 13, 2015), *aff'd*, 646 F. App'x 1 (2d Cir. 2016) (internal quotation marks omitted). The rule requires the movant "to state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended." *Id.* (internal quotation marks omitted). "This standard is strict" and does not provide the movant an opportunity to merely "reargue his case." *Id.* (internal quotation marks omitted). "Rather, the sole purpose of rehearing is to direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration,

5

would probably have brought about a different result." *Id.* (internal quotation marks and alterations omitted); *see also Sharif*, 2017 WL 4310538, at *6 (N.D. Ill. Sept. 28, 2017) (Rule 8022 "is the bankruptcy counterpart to [Fed. R. Civ. P. 59(a)] and authorizes the district court to correct 'manifest errors of law or misapprehensions of fact.'"). "If the [c]ourt finds that it has not considered an important aspect of the case, then a rehearing is warranted." *McMullen v. Schultz*, 443 B.R. 236, 241 (D. Mass. 2011).

### B. Whether the District Court Failed to Recognize that Promises in the 2016 Modified Plan to Pay Debts Owed to Appellant Remain Binding Following Discharge.

Appellant argues that the court overlooked the principle that a confirmed chapter 11 bankruptcy plan is an independent contractual obligation to pay the debts included therein. As a result, the court failed to recognize that debts arising from Appellant's modified mortgage notes and incorporated into the 2016 Modified Plan remain binding after discharge. In response, Debtor contends that the Bankruptcy Court correctly found that his debts to Appellant arise from pre-petition obligations and are only enforceable through a reaffirmation agreement that satisfies 11 U.S.C. § 524(c).

To determine the nature of Debtor's obligations to Appellant, the court begins with the language of the Bankruptcy Code. *See In re Caldor Corp.*, 303 F.3d 161, 167 (2d Cir. 2002) ("The task of resolving a dispute over the meaning of a provision of the Bankruptcy Code 'begins where all such inquires must begin: with the language of the statute itself.'") (quoting *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989)). Under 11 U.S.C. § 1141(a), "the provisions of a confirmed plan bind the debtor[] . . . and any creditor[.]" 11 U.S.C. § 1141(a). When the Bankruptcy Court confirms a chapter 11 reorganization plan, § 1141(d)(1) provides that the debtor is discharged "from any debt that arose before the date of such confirmation[] . . . [e]xcept as otherwise provided in this subsection, in the plan, or in the order confirming the plan[.]" 11 U.S.C. § 1141(d)(1)(A). Read in harmony, sections 1141(a) and 1141(d)(1) dictate that confirmation of the plan replaces a debtor's pre-petition obligations with new binding obligations under the debtor's plan. *See Matter of Penrod*, 169 B.R. 910, 916 (Bankr.

6

N.D. Ind. 1994), *aff'd*, 50 F.3d 459 (7th Cir. 1995) ("The plan is essentially a new and binding contract, sanctioned by the court, between the debtors and their pre-confirmation creditor."). While relieving a debtor of its pre-petition obligations, a chapter 11 discharge is subject to the terms of the plan itself. *See* 8 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 1141.01 (16th ed. 2017) ("The discharge and termination are subject to the terms of the plan[.]"). Recourse obligations for the payment of a debt found in the chapter 11 plan therefore remain enforceable "like a contract that is binding on all of the parties, debtor and creditors alike." *In re Metex Mfg. Corp.*, 510 B.R. 735, 741 (Bankr. S.D.N.Y. 2014) (citing *Adelphia Recovery Tr. v. Bank of Am., N.A.*, 390 B.R. 80, 88 (S.D.N.Y. 2008)) (internal quotation marks omitted). Consequently, an individual debtor's personal liabilities contained in the terms of a confirmed chapter 11 plan are generally not discharged until completion of the plan. *See In re Kramer*, 552 B.R. 702, 705 (Bankr. E.D. Mich. 2016) (noting that after an individual debtor's chapter 11 discharge, "the [d]ebtor is not discharged from any obligation he had under the terms of the confirmed plan . . . (*e.g.*, payment obligations), to the extent he has not performed them").

If the debtor fails to make payments to creditors according to the terms of a confirmed plan, the creditors' remedy "is to enforce the obligations contained in the confirmed plan[,]" rather than revive the original, pre-petition debt. *Metex*, 510 B.R. at 742 (internal quotation marks omitted); *see also In re Conston, Inc.*, 181 B.R. 769, 772-73 (D. Del. 1995) (stating that "the creditor can enforce only those pre-confirmation claims found in the confirmed plan and . . . only in the manner and amount specified in the confirmed plan."); *In re Henderberg*, 108 B.R. 407, 412 (Bankr. N.D.N.Y. 1989) ("[A] confirmed [c]hapter 11 plan defines the creditors' claims and any pre-confirmation rights of the creditors exist only to the extent that they are accounted for in the plan.").

In this case, Debtor agreed to pay Appellant in conformity with the 2016 Modified Plan which reflected modified mortgage terms for all six mortgage notes but did not purport to discharge Debtor's personal liability. The Bankruptcy Court granted Debtor's motion to approve the 2016 Modified Plan and amended its Confirmation Order on this

7

basis. In seeking an early discharge prior to completion of payments under the 2016 Modified Plan, Debtor argued for the first time that his personal obligations under the 2016 Modified Plan were not enforceable unless further confirmed by a reaffirmation agreement under 11 U.S.C. § 524(c). Both the Bankruptcy Court and this court accepted Debtor's argument although there is no authority to support it.

### C. Whether a Reaffirmation Agreement is Required to Render Plan Obligations Based on Pre-Petition Debts Enforceable.

"In the bankruptcy context, a post-petition contract renewing pre-petition debt is a reaffirmation agreement and is only effective with court approval in strict compliance with 11 U.S.C. § 524." *In re King*, 480 B.R. 321, 328 (B.A.P. 8th Cir. 2012), *aff'd*, 744 F.3d 565 (8th Cir. 2014). Under 11 U.S.C. § 524(c), "[a]n agreement between a holder of a claim and the debtor[] . . . is enforceable only" if:

> (1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;
>
> (2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;
>
> (3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection[;] . . .
>
> (4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;
>
> (5) the provisions of subsection (d) of this section have been complied with[.]

11 U.S.C. § 524(c)(1)-(5).

Nothing in § 524 states that it applies to debts set forth in a confirmed chapter 11 plan, nor has any court held that plan obligations are enforceable only if further supported by a reaffirmation agreement. The Bankruptcy Court properly did not impose this requirement in approving and confirming either the 2011 Plan or the 2016 Modified Plan. Such a requirement would be redundant, requiring a creditor and debtor not only to

negotiate for inclusion of a pre-petition debt into a proposed chapter 11 plan which is then approved by the Bankruptcy Court as part of the confirmation process, but also to enter into a separate reaffirmation agreement. This duplication of effort is not required. *See* RESNICK & SOMMER, *supra*, ¶ 1141.05(6) ("Section 524 applies if the debtor seeks to reaffirm a particular debt. The requirements of section 524 do not, however, apply to the terms of the plan proposed by the debtor, which might well provide for full payment of some or all classes of claims."). If reaffirmation agreements were required to render plan obligations enforceable, the Bankruptcy Court should not have confirmed the 2011 Plan or the 2016 Modified Plan without them. To now superimpose a requirement that confirmed plan obligations must also be supported by a reaffirmation agreement would ignore the general principle that "[t]he plan is essentially a new and binding contract, sanctioned by the court[.]" *Matter of Penrod*, 169 B.R. at 916; *see also Metex*, 510 B.R. 741-42 ("[F]ollowing confirmation of a plan of reorganization, the reorganized debtor is obligated to make the payments to creditors that the plan requires."); *In re Victory Mkts, Inc.*, 221 B.R. 298, 303 (B.A.P. 2d Cir. 1998) (stating that "a confirmed plan holds the status of a binding contract as between the debtor and its creditors").[3]

In concluding that § 524(c) applied to debts already reflected in a confirmed chapter 11 plan, the Bankruptcy Court relied on chapter 7 cases which are clearly distinguishable. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993) ("Whereas the aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors."). The only chapter 11 case the Bankruptcy Court cited, *In re Am. Rice, Inc.*, 448 F. App'x 415 (5th Cir. 2011), is inapposite. There, the debtor moved to reopen its chapter 11 plan, seeking to hold a

---

[3] If a Debtor was required to have a reaffirmation agreement for every pre-petition debt reflected in a confirmed chapter 11 plan, the case law would be replete with instances in which bankruptcy courts refused to confirm plans on this basis. It would also be replete with cases in which chapter 11 debtors were discharged from plan obligations because those obligations were not also reflected in a reaffirmation agreement. The court's search yielded no instances in which that occurred and no authority for that approach.

9

creditor in contempt for violating the discharge injunction. At issue were *post-confirmation* contracts, including a covenant not to sue as part of a contract to pay any new claims that the creditor might have and an indemnity and release contract providing for the debtor and related entities to pay any damages the creditor incurred or the judgment creditor obtained after a specific date. As the Fifth Circuit pointed out, when the bankruptcy court issued its order confirming the debtor's chapter 11 plan, the post-confirmation contracts were not included therein. As a result, the creditor effectively sought to revive discharged debts by offering new consideration. Agreeing with the bankruptcy court that this questionable practice violated the Bankruptcy Code, the Fifth Circuit concluded that "even if it could be argued that the [contract] was based upon new consideration, this Court finds that the [contract] was at least based in part upon the discharge[d] debt and therefore must comply with § 524 to be valid." *Id.* at 420 (alterations in original) (internal quotation marks omitted). The Fifth Circuit reasoned that this outcome was consistent with the protective purposes of the Bankruptcy Code:

> The reaffirmation rules are intended to protect debtors from compromising their fresh start by making unwise contracts to repay dischargeable debts. Because of the danger that creditors may coerce debtors into undesirable reaffirmation contracts, they are not favored under the Bankruptcy Code and strict compliance with the specific terms in Section 524 is mandatory. A reaffirmation contract which does not comply fully with Section 524 is void and unenforceable.

*Id.* at 419 (internal quotation marks omitted).

None of these concerns are present in the instant case. Appellant's mortgage notes are not *post-confirmation* contracts that seek to revive discharged debt. They are instead pre-petition debts which have been modified and which the Bankruptcy Court approved in its confirmation of the 2016 Modified Plan. They are thus not new obligations that compromise the Debtor's fresh start. A reaffirmation agreement was not required to render these plan obligations enforceable. *See In re Cano*, 410 B.R. 506, 518 (Bankr. S.D. Tex. 2009) ("[A bankruptcy court] cannot graft into the [Bankruptcy] Code rights and remedies that Congress chose not to create.").

Because the district court overlooked the principle that Debtor's recourse obligations to Appellant found in a confirmed chapter 11 bankruptcy plan do not require a reaffirmation agreement for their enforceability, the August 30, 2017 Order affirming the Bankruptcy Court's granting of Debtor's motion for entry of discharge was in error and must be VACATED.

### D. Whether the District Court Overlooked the Debtor's Eligibility for a Chapter 11 Discharge.

Appellant argues that this court also overlooked the absence of findings of fact supporting Debtor's eligibility for an individual discharge pursuant to 11 U.S.C. § 1141(d)(5). Debtor responds that Appellant failed to timely raise this objection before the Bankruptcy Court and that, in any event, the Bankruptcy Court correctly determined that Debtor is entitled to a discharge under 11 U.S.C. § 1141(d)(5)(B).

For a non-individual debtor, confirmation of a plan generally "discharges the debtor from any debt that arose before the date of such confirmation[.]" 11 U.S.C. § 1141(d)(1)(A). For individual debtors, Section 1141(d)(5)(A) provides that "confirmation of the plan does *not* discharge any debt provided for in the plan[.]" *Id.* at § 1141(d)(5)(A) (emphasis supplied). Instead, an individual debtor must satisfy one of three grounds for obtaining a discharge. First, under § 1141(d)(5)(A), an individual debtor may be discharged upon "completion of all payments under the plan[.]" *Id.* Second, the Bankruptcy Court may grant a discharge upon confirmation "for cause" after notice and a hearing. § 1141(d)(5)(A). Third, a discharge is available if certain requirements are met:

> [A]t any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if--
>
> > (i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date;
> >
> > (ii) modification of the plan under section 1127 is not practicable; and

11

(iii) subparagraph (C) permits the court to grant a discharge[.]

11 U.S.C. § 1141(d)(5)(B).

In the instant case, the Bankruptcy Court granted Debtor a discharge of his liabilities "under § 1141" (Doc. 2-45 at 7) but did not make findings of fact or explain how Debtor satisfied the "for cause" standard or the criterion for a discharge under § 1141(d)(5)(B). Appellant contends that, had the Bankruptcy Court engaged in the proper analysis, it could not have concluded that § 1141(d)(5)(B) was satisfied.

It is undisputed that Debtor had not completed all payments under the 2016 Modified Plan when he sought a discharge of his personal liability for confirmed plan obligations. While the Bankruptcy Court noted that Debtor was current with regard to his payments under the 2016 Modified Plan, it properly did not further find that all payments required by the plan had been completed. The Bankruptcy Court also did not conclude that Debtor was eligible for discharge "for cause[.]" 11 U.S.C. § 1141(d)(5)(A). Accordingly, the only basis on which the Bankruptcy Court could have properly granted a discharge is under § 1141(d)(5)(B).

While not contesting ineligibility for discharge under § 1141(d)(5)(A), Debtor maintains that the Bankruptcy Court properly discharged him under § 1141(d)(5)(B) because the Bankruptcy Court found Debtor had completed all payments to *unsecured creditors* and was current on both the long-term re-amortized obligations under the 2016 Modified Plan and the filing of operating reports and payment of quarterly fees to the United States Trustee. These findings alone, however, do not satisfy § 1141(d)(5)(B)(i)-(iii). In affirming the Bankruptcy Court's decision, the district court found that the Bankruptcy Court considered whether Debtor was eligible for discharge under § 1141, but it did not address the requirements of § 1141(d)(5) in reaching that conclusion. In this respect, this court overlooked an issue properly raised by Appellant's appeal.

### E. Whether the Bankruptcy Court Erred in Refusing to Consider Appellant's Arguments Regarding Debtor's Eligibility for a Chapter 11 Discharge.

Debtor argues that Appellant waived any challenge to his discharge under § 1141(d)(5) because it only raised this argument in its addendum which was filed two days late. Generally, an appellate court "does not consider an issue not passed upon below." *Davis v. Shah*, 821 F.3d 231, 246 (2d Cir. 2016) (internal quotation marks omitted). Nevertheless, "waiver rules are prudential and not jurisdictional," allowing an appellate court to exercise its discretion and address "an issue not raised properly before" the lower court. *Id.* (internal quotation marks omitted). The court is "most likely to exercise such discretion (1) where consideration of the issue is necessary to avoid manifest injustice, or (2) where the issue is purely legal and there is no need for additional fact-finding." *Id.* (internal quotation marks omitted); *see also In re DPH Holdings Corp.*, 468 B.R. 603, 619 (S.D.N.Y. 2012) (stating that a district court deciding a bankruptcy appeal has discretion to review "issues raised for the first time on appeal that present only a question of law that require[] no findings of fact"). In this case, the latter circumstance is present; at issue is a question of law based on facts that are undisputed.

Debtor's motion for entry of discharge did not address Debtor's eligibility for a discharge under § 1141(d)(5). Appellant objected to Debtor's motion, requesting that the order "expressly state that any discharge granted does not affect [Debtor's] liability under the obligations currently held by [Appellant]." (Doc. 2-39 at 2, ¶ 6.) This placed the issue of Debtor's eligibility for a discharge before the Bankruptcy Court. After the Bankruptcy Court scheduled a hearing on Debtor's eligibility for a discharge, at which Appellant failed to appear, the Bankruptcy Court issued a Scheduling Order permitting additional briefing on Appellant's objection. In its timely filed memorandum of law, Appellant asserted that "a discharge is available to an individual debtor under [c]hapter 11 upon completion of all payments under the Plan" pursuant to § 1141(d)(5)(A). (Doc. 2-42 at 10, ¶ 29.) Two days after the Scheduling Order deadline passed, Appellant filed

13

its addendum pointing out that Debtor was not eligible for discharge under
§ 1141(d)(5)(B).

Appellant asserts that its "core argument" under § 1141(d)(1) was timely and adequately raised. (Doc. 6 at 13.) The court agrees. While the better practice would be to appear at a scheduled hearing and timely file memoranda of law, especially when the Bankruptcy Court generously extends the deadline to do so, Appellant's two arguments are essentially two sides of the same coin: in order to obtain a discharge prior to completion of payments under a confirmed chapter 11 plan, a debtor must satisfy the requirements of § 1141(d)(5) and Debtor here allegedly failed to do so. There was thus no lack of notice or unfair surprise in Appellant pointing out in its addendum that the relief Debtor sought was not available. *See Davis*, 821 F.3d at 246 (finding that the plaintiffs "suffered no unfair surprise or prejudice from defendant's failure to argue" an issue on summary judgment); *see also Probatter Sports, LLC v. Sports Tutor, Inc.*, 2015 WL 4390055, at *3 (D. Conn. July 15, 2015) ("Waiver operates to prevent unfair surprise due to lack of notice.") (citing *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009)).

Because it scheduled a hearing and provided an opportunity for additional briefing notwithstanding Appellant's failure to appear, the Bankruptcy Court did not abuse its discretion in refusing to consider Appellant's late filed addendum. However, because this case will be remanded, the Bankruptcy Court should explain the basis for discharging Debtor prior to completion of plan payments required by the 2016 Modified Plan. Such a determination is consistent with the Bankruptcy Court's independent duty to ensure Debtor's discharge complies with the Bankruptcy Code. *See In re Gamble*, 570 B.R. 272, 274 (Bankr. S.D. Tex. 2017) (finding, in a chapter 13 case, that a bankruptcy court "has an independent duty to assure that an individual is eligible for . . . relief"). The Supreme Court has held that "the Code makes plain that bankruptcy courts have the authority—indeed the obligation—to direct a debtor to [comply with] the requirements" of the Bankruptcy Code even when a "creditor fails to object or appear in the adversary proceeding." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275, 277-78

14

(2010) (holding that the Bankruptcy Court committed "legal error" in confirming the debtor's plan for repaying student loan debt without the requisite undue hardship finding as required by the Code).[4]

Pursuant to its independent duty to ensure compliance with the Bankruptcy Code, on remand, the Bankruptcy Court must affirmatively determine Debtor's eligibility for discharge under 11 U.S.C. § 1141(d)(5).

## CONCLUSION

For the foregoing reasons, the court's August 30, 2017 Order and the Bankruptcy Court's December 22, 2016 Order granting Debtor's motion for entry of discharge must be VACATED. This case is REMANDED for proceedings consistent with this Opinion. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 26th day of January, 2018.

Christina Reiss, District Judge
United States District Court

---

[4] *See also Matter of Brown*, 559 B.R. 704, 707 (Bankr. N.D. Ind. 2016) (denying confirmation of the debtor's chapter 13 plan, even though the creditor failed to object, because the proposed plan attempted to modify the residential mortgage holder's rights, which violated the Code's anti-modification provision); *In re Kessler*, 2015 WL 4726794, at *4 (Bankr. N.D. Tex. June 9, 2015) (denying an individual's discharge under chapter 13, despite the creditor's failure to object that the debtor had made all of the payments required by the debtor's plan).